```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | | |
|---|---|---|
| Terry Jerome Smith, | ) | C/A No. 6:09-3280-TLW-WMC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **Report and Recommendation** |
| | ) ) | |
| Tom Fox, Director; Officer Eastridge; Officer Rushchioni, and Major Johnson, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This is a civil action filed *pro se* by a local detainee.[1] At the time this case was filed, Plaintiff was detained at the Horry County Detention Center, also known as the J. Reuben Long Detention Center. Plaintiff complains that excessive force and violence is used by officers at the detention center and that detainees' movements are excessively restricted. He writes in terms that cover the general population of the center and not himself only. In fact, Plaintiff only speaks of himself in the third person in one part of the Complaint wherein he states that an unnamed "officer" falsely claimed that he (Plaintiff) bit the officer. No date or time or other specific information is alleged about this incident, and Plaintiff does not claim any injury resulting from the incident. Even though he names several officers as Defendants, the Complaint does not contain any specific allegations of wrongdoing by any of those named. The allegations of problems at the detention center are conclusory and general and are not linked to any specific incident, injury, victim, or perpetrator. In absence of more person, place, time-specific allegations, it is not possible to determine what part, if any, the Defendants play or played in the alleged excessive force and/or detainee restraint that appears to be the underlying basis for Plaintiff's Complaint.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, as noted above, the Complaint filed in this case, while raising serious issues generally, contains no specific factual allegations of wrongdoing against of the Defendants. The only reference to any of the Defendants is when they are listed in the caption and the second page of the Complaint in the space for listing of intended defendants. The body of the Complaint ("statement of claim") is written in terms of general application without any specific mention of any Defendant. In absence of substantive allegations of wrongdoing against the named Defendant,

there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of any Defendant Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted and is, thus, subject to summary dismissal without service. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

Additionally, even if Plaintiff had included specific allegations against some or all Defendants, the Complaint would still be subject to summary dismissal because Plaintiff does not allege any specific, substantial injury personal to himself arising from the alleged excessive force and/or restraint of which he complains. As stated previously, the allegations in the Complaint are written in general terms; although he claims that excessive force and restraint is used on other detainees, he does not claim to have subjected to it himself. The Complaint appears to be written in an attempt by Plaintiff to assert rights of other detainees. Because Plaintiff is not a licensed attorney, he does not have standing to bring suit on behalf of other persons or entities. *See Estate of Kerner v. U. S.*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990); *Hummer v. Dalton*, 657 F.2d

621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners); *see also Raines v. Byrd*, 521 U.S. 811, 819 (1997) (plaintiff lacks standing to bring claim where the complaint does not establish "that the alleged injury suffered is particularized as to him."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *Allen v. Wright*, 468 U.S. 737, 751 (1984) ("plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct").

In the *Kerner* case cited above, the court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" For example, it is well settled that a *pro se* litigant may not represent a minor in a civil action. *See, e.g.*, *Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 60-61 (2d Cir. 1990). "A non-attorney parent must be represented by counsel when bringing an action on behalf of a child." *Knox ex rel. Chambers v. Hayward Unified School Dist.*, 1995 WL 364156 (N.D. Cal., June 1, 1995)(collecting cases). Similar case law applies to suits purportedly brought by individual *pro se* litigants on behalf of corporations, partnerships, unincorporated associations, or estates. *See, e.g.*, *First Hartford Corp. Pension Plan & Trust v. U.S.*, 194 F.3d 1279, 1290 (Fed. Cir. 1999)(*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"); *Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997)(*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child"). The *Pridgen* court noted that such limits on *pro se* representation "serve the interests of the represented party as well as the interests of adversaries and the court." *Id.* Also, the District Court for the Southern District of New York has stated:

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 . . . prohibit a non-attorney individual from representing a corporation in the federal courts.
> . . . .

4

Under the weight of this authority, Batac quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle Batac who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include

> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities[.]

*Batac Dev. Corp. v. B & R Consultants*, Inc., 2000 WL at 307400 at *1-*2 (quoting from *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (internal citations omitted); *see also Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326-27 (E.D. N. Y. 1998)("A corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

January 8, 2010                                s/William M. Catoe
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).