IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Terry Jerome Smith,<br><br>                      Plaintiff,<br><br>    vs.<br><br>Tom Fox, Director, et al.,<br><br>                      Defendants. | Civil Action No. 6:09-3280-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. In his amended complaint, the plaintiff alleges excessive force and violence used by officers at the J. Reuben Long Detention Center in Conway, South Carolina, and further claims that he did not receive medical attention for his injuries.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On March 30, 2010, prior to the defendants' appearance in this case, the plaintiff filed a "motion to order jail facility to take plaintiff to hospital, give plaintiff legal paper and ink pens and provide access to the law library." This court has construed the plaintiff's motion as a motion for temporary restraining order as he seeks to enjoin the defendants in several ways.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the

absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council. Inc.*, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. Federal Election Comn.*, 575 F.3d 342, 347 (4th Cir. 2009) (finding that "because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit"). *See Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009) (applying *Winter* standard). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, * 1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The plaintiff cannot demonstrate any of the required elements. He makes only conclusory allegations that he is being denied access to the courts and health care, and he has clearly failed to make the required showing for issuance of a temporary restraining order.

Based upon the foregoing, it is recommended the plaintiff's motion (doc. 29) be denied.

s/William M. Catoe
United States Magistrate Judge

April 28, 2010
Greenville, South Carolina

2